# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DOMINIC BLACK, | No. 3:15-CV-00949 |
| Petitioner, | (Judge Brann) |
| v. | (Magistrate Judge Carlson) |
| PENNSYLVANIA BOARD OF PROBATION AND PAROLE, and PA STATE ATTORNEY GENERAL, | |
| Respondents. | |

## ORDER

### APRIL 17, 2019

Dominic Black filed this 28 U.S.C. § 2254 petition asserting that the Pennsylvania Board of Probation and Parole ("Parole Board") violated his constitutional rights when it revoked his parole and calculated Black's new maximum sentence date.[1] In January 2019, Magistrate Judge Martin C. Carlson issued a Report and Recommendation recommending that this Court deny Black's § 2254 petition and motion to vacate.[2]

Specifically, Magistrate Judge Carlson concludes that Black's due process claim fails because the Parole Board denied Black's application for parole for permissible reasons and properly calculated his maximum release date based upon

---

[1] Doc. 1.
[2] Doc. 79.

its statutory authority.³ With regard to Black's remaining claims, Magistrate Judge Carlson notes that Black points to no legal authority to support his claims, and some claims are barred by well-established legal precedent.⁴

Black filed timely objections to the Report and Recommendation,⁵ but largely reiterates the arguments raised in his previous filings.⁶ "If a party objects timely to a magistrate judge's report and recommendation, the district court must 'make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'"⁷ Regardless of whether timely objections are made, district courts may accept, reject, or modify—in whole or in part—the magistrate judge's findings or recommendations.⁸ Upon de novo review of Magistrate Judge Carlson's Report and Recommendation, the Court finds no error in the conclusion that Black's petition fails on the merits. Consequently, **IT IS HEREBY ORDERED** that:

1. Magistrate Judge Martin C. Carlson's Report and Recommendation (Doc. 79) is **ADOPTED** in its entirety;

2. Black's 28 U.S.C. § 2254 petition (Doc. 1) is **DENIED**;

---

³ *Id.* at 9-17.
⁴ *Id.* at 17-22.
⁵ Doc. 80.
⁶ In his objections Black asserts, for the first time, that the Parole Board never held a revocation hearing. *Id.* at 2. However, Black later acknowledges that the Parole Board held a revocation hearing, and this admission is supported by the record. *Id.* at 4; Doc. 16-1 at 24.
⁷ *Equal Emp't Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017) (quoting 28 U.S.C. § 636(b)(1)).
⁸ 28 U.S.C. § 636(b)(1); Local Rule 72.31.

3. Black's motion to vacate (Doc. 78) is **DENIED** as moot;

4. A certificate of appealability shall not issue; and

5. The Clerk of Court is directed to **CLOSE** this case.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge